KAREN P. HEWITT
United States Attorney
TOM STAHL
Assistant U.S. Attorney
Chief, Civil Division
California State Bar No. 078291
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7140
Facsimile: (619) 557-5004
Email: thomas.stahl@usdoj.gov

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>0.61 ACRES OF LAND, MORE OR LESS, SITUATE IN SAN DIEGO COUNTY, STATE OF CALIFORNIA; and DAVID B. ANDERSON AND ANN E. ANDERSON REVOCABLE TRUST; AND ALL OTHER INTERESTED PARTIES,<br><br>Defendants. | Case No.: 08cv0284-IEG (AJB)<br><br>EX PARTE APPLICATION FOR IMMEDIATE DELIVERY OF POSSESSION<br>[ 40 U.S.C. §§3114] |

COMES NOW the Plaintiff, the United States of America, and applies, ex parte, for an order requiring all defendants to this action and any and all persons in possession or control of the property described in the Complaint and Declaration of Taking filed herein to surrender possession of said property, to the extent of the estate condemned, to the Plaintiff.

**I**

**INTRODUCTION**

Plaintiff, the United States of America ("United States"), hereby files this memorandum in support of its motion for an order for delivery of possession. The United States is requesting possession to the extent of the estate condemned, a 180-day right of entry, commencing on the date possession is granted. This minimally intrusive right of entry, to conduct surveying and investigatory work, is a

necessary step in implementing the congressional directive to secure the border between the United States and Mexico. Accordingly, the United States respectfully requests this Court to immediately enter an Order of Possession.

**II**

**FACTS**

Pursuant to the Declaration of Taking Act, 40 U.S.C. § 3114, and Rule 71.1 (formerly Rule 71A) of the Federal Rules of Civil Procedure, the United States filed a complaint and declaration of taking on February 13, 2008, to acquire a temporary right of entry. On February 27, 2008, the United States deposited with the Clerk of the Court a check representing the estimated just compensation. The right of entry is an assignable easement giving the United States the right to conduct surveying, make borings and conduct other investigatory work on the subject property. See Declaration of Taking (attached), Schedule "E." The easement will last for 180 days, commencing on the date possession is granted. Id. The estate taken reserves to the landowners "all right, title and privileges as may be used and enjoyed without interfering with or abridging the rights" acquired by the United States. Id.

Funding for the temporary right of entry sought in this action was appropriated by the 2007 Department of Homeland Security Appropriations Act. Declaration of Taking, Schedule "A;" see Pub. L. 109-295, Title II, 120 Stat. 1355 (2006) (appropriating funds). The United States has deposited $100.00 as estimated just compensation. In addition, the landowners are further entitled to "an additional sum determined at the conclusion of the temporary estate described in Schedule "E" to constitute actual damages, if any." See Declaration of Taking, Schedule "F." Therefore, if the use of the property by the United States actually damages the property in some manner, the landowner will be entitled to additional compensation.

**III**

**ARGUMENT**

A. Because It Has Acquired this Property Under the Declaration of Taking Act, the United States Is Entitled to Immediate Possession

The United States initiated this case by filing a declaration of taking and depositing estimated just compensation into the registry of the Court, as required by the Declaration of Taking Act ("Act"),

40 U.S.C. § 3114 (formerly 40 U.S.C. §258a). The filing and deposit immediately vest title to the estate condemned in the subject property in the United States. See 40 U.S.C. § 3114 (b)(1). The Act specifically provides that upon the filing of the declaration of taking, "the court may fix the time within which, and the terms on which, the parties in possession shall be required to surrender possession to the petitioner . . . ." 40 U.S.C. § 3114(d)(1).

The purpose of the Declaration of Taking Act is to give the government immediate possession of the property and give the owner immediate compensation, in the form of estimated compensation, in return for title to the land. United States v. Miller, 317 U.S. 369 (1943). As the Court explained:

> The purpose of the statute is twofold. First, to give the Government immediate possession of the property and to relieve it of the burden of interest . . . . Secondly, to give the former owner, if his title is clear, immediate cash compensation to the extent of the Government's estimate of the value of the property.

Id. at 381 (emphasis added). The transfer of title is immediate upon the filing of the declaration and deposit of estimated just compensation. See, e.g., Catlin v. United States, 324 U.S. 229, 238 (1945) (holding that a landowner may not delay or prevent the vesting of title by an interlocutory appeal); United States v. 191.07 Acres of Land, 482 F.3d 1132, 1136 (9th Cir. 2007)(noting that "title and right to possession vest immediately" upon United States' filing of the declaration and deposit of funds).

The Supreme Court reaffirmed that the Declaration of Taking Act immediately confers to the United States title and a right to possession of the property in Kirby Forest Industries, Inc. v. United States, 467 U.S. 1 (1984). There it reviewed the methods by which the United States may appropriate property, primarily comparing use of a declaration of taking with a "straight-condemnation" proceeding. Id. at 3-5. In a "straight-condemnation" the United States only files a complaint in condemnation and only acquires title after the determination and payment of just compensation.

In contrast, the Court noted that the Declaration of Taking Act is "[a] more expeditious procedure . . . ." Id. The Court held that upon the filing of a declaration of taking and deposit of estimated just compensation, "[t]itle and right to possession thereupon vest immediately in the United States." Id. at 5. It later explained, in further distinguishing a "straight-condemnation" case from one brought under 40 U.S.C. § 3114, that the adoption of the Declaration of Taking Act was "for the purpose of affording the Government the option of peremptorily appropriating land prior to final judgment,

thereby permitting immediate occupancy . . . ." Id. at 12. Finally, as more recently stated in Narramore v. United States, 960 F.2d 1048, 1050 (Fed Cir. 1992), Congress enacted the Declaration of Taking Act "[t]o give the Federal Government immediate possession of condemned property and to avoid delays in federal construction projects." Id. Accordingly, because the United States has acquired the property at issue under the Declaration of Taking Act, the United States is entitled to immediate possession of the property. See Miller, 317 U.S. at 381; Kirby Forest Indus., 467 U.S. at 5, 12; Schneider v. County of San Diego, 285 F.3d 784, 792 (9th Cir. 2002)(observing that the Declaration of Taking Act enables the United States to "exercise quickly its power of eminent domain . . .").

B. The Ninth Circuit Has Specifically Approved Entry of Ex Parte Orders of Possession for Property Acquired Under the Declaration of Taking Act

The Ninth Circuit has specifically approved entry of ex parte orders of possession of the estate taken. In United States v. 0.95 Acres of Land, 994 F.2d 696 (9th Cir. 1993), the United States had filed a declaration of taking and deposited estimated just compensation in order to acquire privately owned roads adjacent to a national forest. Id. at 697. An ex parte order of possession was granted. The landowners then moved to vacate the declaration of taking and order of possession, based on the government's non-compliance with the National Environmental Policy Act ("NEPA"). The district court granted the landowners' motion and the government appealed. The Ninth Circuit reversed, holding that non-compliance with NEPA was not a defense to a taking. Id. at 699. In so holding, the appellate court specifically recited the procedure to be followed in granting an order of possession:

> In this type of condemnation proceeding, the United States files a declaration of taking in the district court pursuant to the Declaration of Taking Act, 40 U.S.C. 258a et seq., and deposits funds with the district court. The district court may then enter an ex parte order of possession. At approximately the same time, the United States files a complaint . . . . The private property owner may now answer. The decision of the trial court that the United States has the right to possession of the property under a declaration of taking is not a final, appealable decision.

994 F.2d at 698 (citing Catlin, 324 U.S. at 232) (emphasis added). Thus, the Ninth Circuit in this 1993 opinion described as an appropriate procedure the entry of an ex parte order of possession.

Here, in keeping with the decision in 0.95 Acres of Land, the Court should similarly grant the United States an ex parte order of possession. Unlike those cases, which involved the acquisition of permanent interests, in this case the United States is acquiring only a temporary, minimally intrusive

right of entry onto the landowner's property. Because courts previously have found that the United States is entitled to an ex parte order of immediate possession of a permanent interest in property, then logically the United States should also be entitled to immediate possession of a 180-day right of entry, which is a lesser interest in property. See 0.95 Acres of Land, 994 F.2d at 696-98.

Furthermore, this right of entry simply allows the United States access to this property to conduct surveying, testing, evaluations, and other investigations necessary to plan the proposed construction of roads, fencing, and other security measures designed to help secure the United States/Mexico border within the State of California. The landowners may continue to use the property during this time, so long as that use does not interfere with the surveying and other investigatory work being done by the United States.

Finally, the landowner is protected from any further injury because the United States has not only deposited funds with the Court, but has also stated, in the Declaration of Taking, that if there are actual damages to the property caused by these necessary investigations, the landowners will be entitled to "an additional sum determined at the conclusion of the temporary estate." See Declaration of Taking, Schedule "F." Based upon these facts and the case law, it is proper for this Court to grant possession to the United States.

C. The United States Needs Immediate Possession in Order to Meet the Congressional Directive to Construct Fencing by December 31, 2008.

The United States needs immediate possession of a temporary right of entry onto the subject property in order to meet the congressional directive to construct fencing and related infrastructure along the southwest border by December 31, 2008. Consolidated Appropriations Act, 2008, Pub. L. 110-161, 121 Stat. 1844 (2007) (amending section 102 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996). Signed into law on December 26, 2007, the 2008 Consolidated Appropriations Act directs the Secretary of Homeland Security to "identify [locations] along the southwest border where fencing would . . . most effective[ly] deter[] smugglers and aliens attempting to gain illegal entry into the United States . . . ." Id. The 2008 appropriation further directs the Secretary to complete construction of fencing in these locations "not later than December 31, 2008." Id.

The United States requires temporary access to the subject property in order to perform the preliminary investigatory work needed to comply with Congress' directive. Affidavit in Support of Motion for Immediate Possession, attached; see Consolidated Appropriations Act, 2008, Pub. L. 110-161, 121 Stat. 1844 (establishing construction deadline for fence and related infrastructure); 2007 Department of Homeland Security Appropriations Act, Pub. L. 109-295, Title II, 120 Stat. 1355 (appropriating funds for current taking). As a result, acquiring immediate possession of the property for the United States is a necessary step toward meeting the construction deadline established by Congress. Because of the United States' demonstrated need for immediate access, this Court should grant immediate possession of the temporary right of entry.

## IV.

## CONCLUSION

Based on the foregoing, the United States of America submits that it is entitled to entry of an order of immediate possession as requested in its motion.

DATED: February 27, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ Tom Stahl

TOM STAHL
Assistant U.S. Attorney
Chief, Civil Division
Attorneys for Plaintiff

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 FEB 13 PM 4:48
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES OF AMERICA

Plaintiff,

vs.

0.61 ACRES OF LAND, MORE OR LESS, SITUATE IN SAN DIEGO COUNTY, STATE OF CALIFORNIA; AND DAVID B. ANDERSON AND ANN E. ANDERSON REVOCABLE TRUST, ET AL.

Defendants.

DECLARATION OF TAKING

CIVIL NO. '08 CV 0284 H RBB

I, Robert Janson, Acting Executive Director, Asset Management, Department of Homeland Security, U.S. Customs and Border Protection, under the authority delegated to me by the Act of Congress approved November 25, 2002, as Public Law 107-296, 116 Stat. 2311 and codified at 6 U.S.C. Sections 202, 251, 551, and 557, which transferred certain authorities of the Attorney General to the Secretary of Homeland Security; and by DHS Delegation No. 7010.3(II)(B), which delegated land acquisition authority from the Secretary of Homeland Security to the Commissioner of U.S. Customs and Border Protection; and by CBP Delegation 05-006, which delegated land acquisition authority to the Executive Director of Asset Management, do hereby make the following declaration:

1. The property is hereby taken under and in accordance with the authorities set forth in Schedule "A" attached hereto and made a part hereof.

2. The public purpose for which said property is taken is set forth in Schedule "B" attached hereto and made a part hereof. The said property has been selected under my direction for acquisition by the United States for the above-referenced project in San Diego County, State of California.

3. A general description of the land being taken is set forth in Schedule "C" attached hereto and made a part hereof.

4. A plan showing the property being taken is shown on Schedule "D" attached hereto and made a part hereof.

5. The estate taken is described on Schedule "E" attached hereto and made a part hereof.

6. The sum estimated by the undersigned as just compensation for the land being taken is set forth in Schedule "F" attached hereto and made a part hereof. The undersigned is of the opinion that the ultimate award for said land probably will be within any limits prescribed by law to be paid therefor.

7. The names and addresses of known parties having or claiming an interest in said property are set forth in Schedule "G" attached hereto and made a part hereof.

IN WITNESS WHEREOF, the undersigned, Acting Executive Director, Asset Management, Department of Homeland Security, U.S. Customs and Border Protection, hereunto subscribes his name by direction of the Secretary of the Department of Homeland Security, this 2nd day of January, 2008 in the City of Washington, District of Columbia.

Robert Janson
Acting Executive Director, Asset Management
Department of Homeland Security
U.S. Customs and Border Protection

SCHEDULE "A"
AUTHORITY FOR THE TAKING

The property is taken under and in accordance with the Act of Congress approved on February 26, 1931, as 46 Stat. 1421 and codified at 40 U.S.C. Section 3114, and the Act of Congress approved August 1, 1888, as 25 Stat. 357 and codified at 40 U.S.C. Section 3113, and any acts supplementary thereto and amendatory thereof; the Act of Congress approved September 30, 1996, as Public Law 104-208, Division C, Section 102, Stat. 3009-546, 3009-554, as amended and codified at 8 U.S.C. Section 1103(b) & note; and the Act of Congress approved October 4, 2006, as Public Law 109-295, Title II, 120 Stat. 1355, which appropriated the funds which shall be used for the taking.

SCHEDULE "B"
PUBLIC PURPOSE

The public purpose for which said property is taken is to conduct surveying, testing, and other investigatory work needed to plan the proposed construction of roads, fencing, vehicle barriers, security lighting, and related structures designed to help secure the United States/Mexico border within the State of California.

SCHEDULE "C"
LEGAL DESCRIPTION

A portion of the tract of land currently used as a right of way and identified on the attached Schedule "D", situate in Section 25, Township 18S, Range 4E, San Bernardino Principle Meridian, County of San Diego, State of California; the entire tract is also known as Assessors Parcel Number 6521701700, San Diego County, California.

Containing 0.61 acres, more or less, for the portion taken.

SCHEDULE "D"

A portion of the tract of land currently used as a right of way situate in Section 25, Township 18S, Range 4E, San Bernardino Principle Meridian, County of San Diego, State of California; the entire tract is also known as Assessors Parcel Number 6521701700, San Diego County, California.

Containing 0.61 acres, more or less, for the portion taken.

**- PROPOSED TAKING (Acquisition)**

SCHEDULE "E"
ESTATE TAKEN

The estate taken is a temporary, assignable easement beginning on the date possession is granted to the United States and ending 180 days later, consisting of the right of the United States, its agents, contractors, and assigns to enter in, on, over and across the land described in Schedule "C" to survey, make borings, and conduct other investigatory work for the purposes described in Schedule "B" and to access adjacent lands; including the right to trim or remove any vegetative or structural obstacles that interfere with said work; reserving to the landowners, their successors and assigns all right, title, and privileges as may be used and enjoyed without interfering with or abridging the rights hereby acquired; subject to minerals and rights appurtenant thereto, and to existing easements for public roads and highways, public utilities, railroads and pipelines.

SCHEDULE "F"
ESTIMATE OF JUST COMPENSATION

The sum estimated as just compensation for the land being taken is ONE HUNDRED DOLLARS AND NO/100 ($100.00), to be deposited herewith in the registry of said Court for the use and benefit of the persons entitled thereto; and, an additional sum determined at the conclusion of the temporary estate described in Schedule "E" to constitute actual damages, if any.

SCHEDULE "G"
NAMES AND ADDRESSES OF PURPORTED OWNERS:

David B. Anderson and Ann E. Anderson, Revocable Trust
1095 Las Palmas Dr.
Santa Barbara California, 93110

Declaration of Taking - 10